USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 9/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X

ALLIANZ RISK TRANSFER (BERMUDA) LIMITED,

Plaintiff,

-v-

HIGH LONESOME WIND POWER LLC,

Defendant.

----------------------------------------------------------------- X

1:22-cv-5133-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

The Court has reviewed the parties' briefing on their cross-motions for summary judgment and the related evidentiary motions. In their respective motions for summary judgment, the parties dispute whether an event of default occurred under the Master Agreement.[1] The parties' arguments concerning whether an event of default occurred under the Master Agreement turn in substantial part on whether a breach or repudiation of Section 10 of the Confirmation occurred. In its March 19, 2024 opinion, the Court held that whether High Lonesome had "repudiated its right to arbitrate its dispute" under Section 10 was a "gateway matter" that "must be resolved by the arbitrator, not the Court." Allianz I at *9.

The parties' summary judgment briefing reveals substantial overlap between an issue presented to the Court in the pending motions and an issue that the Court previously described as one that "must be resolved by the arbitrator." *Id.* The Court understands that the Section 10 process remains ongoing. The Court does not know the extent to which the issue of repudiation has been presented to the arbitrator for resolution in that proceeding, as anticipated at the time of

[1] Terms used without definition herein have the meaning set forth in *Allianz Risk Transfer (Bermuda) Ltd. v. High Lonesome Wind Power, LLC*, No. 22-CV-5133-GHW, 2024 WL 1177720 (S.D.N.Y. Mar. 19, 2024) ("Allianz I").

the Court's earlier opinion. Because of the prospect that the Independent Consultant will make a determination regarding the parties' compliance with the provisions of Section 10 that will bear on the parties' summary judgment motions, the Court cannot resolve the parties' motions for summary judgment until that process is complete. The Section 10 process is also likely to affect the amount, if any, that is due because the Independent Consultant will determine the Q1 2021 Cash Settlement Amount. That amount, if any, is a factor to be considered in the judgment. Because the Court cannot resolve the pending motions for summary judgment until the arbitral proceeding has concluded, the Court believes that this action must be stayed pending completion of the Section 10 process.

The Court also cannot resolve the parties' dispute concerning ART's claimed close-out amount on the present record because the parties are completing the supplemental discovery required by Judge Netburn's September 9, 2026 sanctions order. Dkt. No. 169. The information developed through that discovery will be valuable to the Court in resolving the parties' pending motions. Therefore, for the avoidance of doubt, this order does not stay compliance with Judge Netburn's September 9, 2026 order or litigation regarding the calculation and amount of the close-out amount.

By no later than October 13, 2026, the parties are directed to submit a joint letter regarding the status of the Section 10 process.

The Clerk of Court is directed to note the stay of this case on the docket.

SO ORDERED.

Dated: September 22, 2026
New York, New York

GREGORY H. WOODS
United States District Judge