USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 9/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

ALLIANZ RISK TRANSFER (BERMUDA) LIMITED,

Plaintiff,

-v-

HIGH LONESOME WIND POWER LLC,

Defendant.

------------------------------------------------------------- X

1:22-cv-5133-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Plaintiff Allianz Risk Transfer (Bermuda) Limited ("ART") and Defendant High Lonesome Wind Power LLC ("HiLo") have moved to seal various documents submitted in connection with their respective motions for summary judgment. For the reasons described below, ART's motion is granted in part and denied in part, with the denial as to Exhibits 44–46 without prejudice, and HiLo's motion is granted in part and denied in part.

## I. LEGAL STANDARD

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted). A "document filed with the court is a judicial document if it would reasonably have the *tendency* to influence a district court's ruling . . . without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025).

"A qualified First Amendment right of access, 'understood to be stronger than its common

law ancestor and counterpart,' also attaches to certain judicial documents." *Id.* "[I]t is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.'" *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch*, 435 F.3d at 121).

"If the First Amendment right attaches, a court record may still be sealed if 'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Greenwood*, 145 F.4th at 255 (quotation omitted). The "confidentiality of sensitive commercial information" is a higher value that may overcome the presumption of public access. *See Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 259 (S.D.N.Y. 2024) (citation omitted).

## II. DISCUSSION

### A. ART's Motion to Seal

ART has moved to seal ten exhibits filed in connection with its motion for summary judgment—Exhibits 32B and 44–46 to the Declaration of Daniel Rapport, Dkt. No. 83, and Exhibits 1 and 4–8 to the Declaration of Anne Beaumont, Dkt. No. 88—on the basis that the documents were designated "Confidential Discovery Material" pursuant to the stipulated protective order in this matter. Dkt. No. 91; *see also* Dkt. Nos. 92–93. HiLo has submitted responses identifying the materials it seeks to maintain under seal and proposing redactions. Dkt. No. 96, 100. As a threshold matter, these ten exhibits, which were submitted in connection with ART's summary judgment motion, are judicial documents to which the First Amendment right of access attaches. *See Brown*, 929 F.3d at 47.

HiLo does not seek to maintain under seal Exhibit 32B to the Rapport Declaration or Exhibits 5 and 8 to the Beaumont Declaration. Dkt. No. 96 at 1. Accordingly, ART is directed to

file unsealed versions of those three exhibits by no later than two weeks from the date of this order.

HiLo requests that the Court maintain under seal portions of Exhibits 1, 4, 6, and 7 to the Beaumont Declaration, which consist of the Expert Report of Seabron Adamson (the "Adamson Report") analyzing ART's Close-out Amount determination and exhibits supporting the report. HiLo asserts that the redacted portions consist of "commercially sensitive information," including data concerning the actual and expected operations of HiLo's wind farm, such as volume, power output, market pricing information, and the resulting claimed value of ART's alleged rights under the Proxy Revenue Swap ("PRS"). *Id.* at 1–2. HiLo argues that if this information were made public, "it could potentially be used by HiLo's competitors or business counterparties to HiLo's disadvantage—for example, by undermining HiLo's ability to negotiate future proxy revenue swaps or other financial agreements relating to its future operations." *Id.* at 2.

The "confidentiality of sensitive commercial information" is a higher value that may overcome the presumption of public access. *See Samsung Elecs. Co.*, 748 F. Supp. 3d at 259. HiLo has demonstrated that the information it seeks to redact "may provide valuable insights into [its] current business practices that a competitor would seek to exploit." *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quoting *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)). The commercial interests identified by HiLo outweigh the First Amendment presumption of access with respect to the limited information redacted, and the proposed redactions are narrowly tailored to protect that commercially sensitive information while leaving the remainder of the exhibits available to the public. Accordingly, the Court grants HiLo's request to redact Exhibits 1, 4, 6, and 7 to the Beaumont Declaration as proposed at Dkt. Nos. 96-1, 96-2, 96-3, and 100-1.

HiLo also requests that Exhibits 44, 45, and 46 to the Rapport Declaration remain sealed in their entirety. Dkt. No. 96 at 2–3. These exhibits consist of correspondence and documents

concerning the appointment of and proceedings before the Independent Consultant appointed by the American Arbitration Association under the dispute resolution provisions of the PRS.

HiLo argues that "[t]he proceedings before the Independent Consultant are ongoing and are subject to the express confidentiality provisions of the Proxy Revenue Swap" and cites the confidentiality provisions of the parties' Master Agreement and the Confirmation. *Id.* HiLo also indicates that, as of January 2026, "the parties are in the process of finalizing the terms of an engagement agreement for the Independent Consultant that is expected to incorporate additional confidentiality provisions governing materials generated in connection with the dispute resolution process he is conducting." *Id.* at 3.

However, "the mere existence of a confidentiality agreement . . . is insufficient to overcome the First Amendment presumption of access." *Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, No. 19-CV-1089, 2019 WL 4688705, at *3 (S.D.N.Y. Sept. 25, 2019) (quoting *Alexandria Real Est. Equities, Inc. v. Fair*, No. 11 Civ. 3694, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011)). "[T]he interest in arbitral confidentiality has never been understood to alone be sufficient to overcome the public's right to access judicial documents when otherwise confidential arbitral documents are submitted to a federal court in connection with a request for the Court to enter judgment or issue a dispositive order." *Lohnn v. Int'l Bus. Machines Corp.*, No. 21-cv-6379, 2022 WL 36420, at *13 (S.D.N.Y. Jan. 4, 2022) (collecting cases).

HiLo has not shown that the confidentiality provisions justify sealing Exhibits 44, 45, and 46 in their entirety. The request to seal those exhibits is therefore denied without prejudice. Any party seeking continued sealing of those exhibits may, by no later than October 13, 2026, submit proposed redactions or additional support demonstrating why the presumption of access is overcome in this case. If no party seeks continued sealing, ART is directed to file unsealed versions of the three exhibits by October 16, 2026.

Accordingly, ART's motion is granted as to the proposed redactions to Exhibits 1, 4, 6, and 7 to the Beaumont Declaration, denied as to Exhibit 32B to the Rapport Declaration and Exhibits 5 and 8 to the Beaumont Declaration, and denied without prejudice as to Exhibits 44, 45, and 46 to the Rapport Declaration.

**B. HiLo's Motion to Seal**

HiLo has moved to seal several exhibits filed in connection with its motion for summary judgment, opposition to ART's motion for summary judgment, and motion to strike. Dkt. No. 103. ART and non-party Ascend Analytics, LLC ("Ascend") submitted a response to HiLo's motion. Dkt. No. 113.

HiLo seeks to seal twenty-seven exhibits to the Declaration of Peter Wade, Dkt. No. 109—Exhibits 15, 20, 22, 36, 38, 41, 43–44, 57–58, 61–63, 67–69, 71–72, 75, 78, 80, 82, 88, 97, 99, 104, and 106—on the basis that the documents were designated "Confidential Discovery Material" pursuant to the stipulated protective order in this matter. Dkt. No. 103 at 1. ART does not seek to maintain under seal any exhibit to the Wade Declaration that ART produced. Dkt. No. 113 at 1.

Ascend seeks to maintain under seal portions of Exhibit 67, which consists of technical documentation describing its PowerSIMM simulation methodology, on the basis that it contains "highly confidential details of Ascend's proprietary PowerSIMM energy analytics model, including the proprietary mathematical formulas and statistical theories that underpin the model." *Id.* at 2. Ascend argues that it would "face great disadvantage because its competitors could gain access to, and potentially use, Ascend's unique insights, undermining Ascend's position in the market." *Id.*

Exhibit 67, which was submitted in connection with HiLo's motion for summary judgment, is a judicial document to which the First Amendment right of access attaches. *See Brown*, 929 F.3d at 47. The "confidentiality of sensitive commercial information" is a higher value that may overcome the presumption of public access. *See Samsung Elecs. Co.*, 748 F. Supp. 3d at 259. Ascend has

demonstrated that the information it seeks to redact "may provide valuable insights into [its] current business practices that a competitor would seek to exploit." *See Louis Vuitton*, 97 F. Supp. 3d at 511 (quoting *Encyclopedia Brown Prods.*, 26 F. Supp. 2d at 614). The proposed redactions are narrowly tailored to protect Ascend's proprietary information. The Court therefore grants Ascend's request to redact Exhibit 67 to the Wade Declaration as proposed at Dkt. No. 113-1. Because no party or non-party has provided a basis for continued sealing of the remaining twenty-six exhibits, HiLo is directed to file unsealed versions of the those exhibits by no later than two weeks from the date of this order.

HiLo also seeks to maintain under seal portions of the Adamson Report. Dkt. No. 103. The proposed redactions are the same redactions that HiLo proposed to the copy of the report filed with the Beaumont Declaration. *Id.* at 2. For the reasons explained above, the Court grants HiLo's request to maintain those proposed redactions.

Accordingly, HiLo's motion is granted as to the proposed redactions to Exhibit 67 to the Wade Declaration and the Adamson Report and denied as to the remaining twenty-six exhibits to the Wade Declaration filed under seal.

## III. CONCLUSION

For the reasons described above, ART's motion is granted in part and denied in part, with the denial as to Exhibits 44–46 without prejudice. HiLo's motion is granted in part and denied in part.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 91 and 103.

SO ORDERED.

Dated: September 22, 2026
New York, New York

GREGORY H. WOODS
United States District Judge